UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Dejuan L. Martin, | |
| Plaintiff, | |
| v. | Case No. _____ |
| Ally Bank, | District Judge _____ |
| Defendant. | Magistrate Judge _____ |

## Notice of Removal

Defendant Ally Bank files this Notice of Removal under 28 U.S.C. §§ 1331, 1441, and 1446. Ally states as follows in support.

### INTRODUCTION

1.      Plaintiff Dejuan L. Martin filed his Complaint in the General Sessions Court of Davidson County, Tennessee on April 10, 2025, asserting claims relating to a "denied credit application."

2.      Ally was served on April 23, 2025.

3.      A copy of the state court file is attached hereto as Exhibit A under 28 U.S.C. § 1446(a).

### TIMELINESS OF REMOVAL

4.      The thirty-day removal period under 28 U.S.C. § 1446(b) has not elapsed because Ally was served not more than thirty days ago on April 23, 2025.

### BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

5.      The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Mr. Martin asserts a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Mr. Martin asserts in the Complaint an "unauthorized use of private data related to denied credit application." This appears to be a claim

1

under 15 U.S.C. § 1681b(f)(1), which prohibits a person from obtaining a consumer credit report for an unauthorized purpose. *See Merritt v. Experian*, 560 F. App'x 525, 528 (6th Cir. 2014) ("A person violates the Fair Credit Reporting Act by obtaining a consumer credit report for an unauthorized purpose.").[1]

6. The Court has supplemental jurisdiction over any state law claims Mr. Martin also asserts because they are "so related to" his federal claim "that they form part of the same case or controversy." *See* 28 U.S.C. § 1367(a).

## OTHER REQUIREMENTS

7. The United States District Court for the Middle District of Tennessee, Nashville Division, is the appropriate court for filing a notice of removal from the General Sessions Court of Davidson County, Tennessee, because the General Sessions Court of Davidson County, Tennessee is located within the Middle District of Tennessee, Nashville Division. *See* 28 U.S.C. § 1441(a).

8. All defendant(s) consent to removal, as demonstrated by the signature of its/their counsel below.

9. Ally will file a copy of this Notice of Removal with the Clerk of the General Sessions Court of Davidson County, Tennessee and provide written notice of removal to Mr. Martin under 28 U.S.C. § 1446(d).

10. If any question arises as to the propriety of removal, Ally requests the opportunity to present a brief and/or oral argument in support of its position that this action is removable. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89 (2014).

---

[1] Ally is unable to identify any state-law claim this allegation could be intended to plead.

May 13, 2025

Respectfully submitted,

*/s/ Adam G. Williams*
Adam G. Williams (BPR No. 41633)
Bradley Arant Boult Cummings LLP
1221 Broadway, Suite 2400
Nashville, TN 37203
(615) 252-2250
awilliams@bradley.com
*Attorney for Defendant Ally Bank*

3

## CERTIFICATE OF SERVICE

I served the foregoing on the following on May 13, 2025:

**By first class mail**:

Dejuan L. Martin
4252 Shelbyville Highway
Murfreesboro, TN 37127
*Plaintiff*

*/s/ Adam G. Williams*
Adam G. Williams
