# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **DEJUAN L. MARTIN,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No. 3:25-cv-00550** |
| | **)** | **Judge Trauger/Frensley** |
| **ALLY BANK,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint. Docket No. 6.[1] Plaintiff did not respond to the Motion in the time allowed by the Federal Rules of Civil Procedure and Local Rules of Court. Thus, Defendant's Motion is analyzed pursuant to Fed. R. Civ. P. 41(b) because of Plaintiff's failure to prosecute. For the reasons set forth herein, the undersigned recommends that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** and the Defendant's Motion (Docket No. 6) be **DENIED AS MOOT.**

### II.  BACKGROUND

On April 10, 2025, pro se Plaintiff Dejuan Martin filed a Complaint in the General Sessions Court of Davidson County, Tennessee, bringing this civil action against Defendant Ally Bank for claims of breach of contract, commercial dishonor, and violating the Fair Credit Reporting Act. Docket No. 1; Docket No. 1-1. Defendant timely removed the case to this Court on May 13, 2025, attaching a copy of the state court file to its Notice of Removal. *Id.* Defendant

---

[1] This document also comprises Defendant's Supporting Memorandum of Law.

has filed a Motion to Dismiss Plaintiff's Complaint, alleging that Plaintiff's Complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6). Docket No. 6. Defendant argues that Plaintiff's Complaint is a "quintessential shotgun pleading" because it only contains conclusory statements for three causes of action, and one of the claims is not even a cognizable cause of action. *Id.* at 3. Specifically, Defendant contends that Plaintiff's failure to allege any facts supporting his causes of action has deprived Defendant of "fair notice of the grounds for the claims against it." *Id.*

Plaintiff did not respond to Defendant's Motion. Nor did Plaintiff provide a memorandum to support his Complaint. The Court only has Plaintiff's initial Complaint filed in state court because Defendant attached it to its Notice of Removal. Docket No. 1; Docket No. 1-1. Plaintiff has not made a single filing in the case since it was removed to this Court.

### III.  LAW AND ANALYSIS

#### A.      Legal Standard

It is well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F. 2d 159, 161 (6th Cir. 1980).

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a Plaintiff to prosecute the claim or comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Department*, 529 F. 3d 731, 736 (6th Cir. 2008) (*citing Knoll v. AT & T*, 176 F. 3d 359, 362-3 (6th Cir. 1999)); *Carpenter v. City of Flint*, 723 F. 3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute."). Similarly, this Court's Local Rules provides that

"[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." Local Rule 41.01(a) (dismissal for unreasonable delay). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F. 3d at 736 (*quoting Knoll*, 176 F. 3d at 363).

The Court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F. 3d 731, 737 (6th Cir. 2008). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Court of Appeals for the Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F. 2d at 161, *quoting Silas v. Sears, Roebuck & Co., Inc.*, 586 F. 2d 382, 385 (5th Cir. 1978).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the Court. *See, Jourdan v. Jabe*, 951 F. 2d 108, 109 (6th Cir., 1991). "[W]hile pro se litigants may be granted some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of pro se

3

litigants has limits." *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996).

When a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more favorably than a party who is represented. *Id.* Additionally, Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of the party seeking relief." *Link v. Wabash Railroad Co.*, 370 U. S. 626, 630 (1962).

This is not a case of a plaintiff simply filing documents past deadlines or filing inadequate briefs. *See Mulbah v. Detroit Bd. of Educ.*, 261 F. 3d 586, 593-94 (6th Cir. 2001) (finding that the district court abused its discretion by granting a motion to dismiss for failure to prosecute). Giving due consideration to each of the factors, the Court finds that dismissal for failure to prosecute is an appropriate and necessary sanction, as no alternative sanction "would protect the integrity of pre-trial procedures." *Carter v. City of Memphis*, 636 F. 2d 159, 161 (6th Cir. 1980).

B.      The Case at Bar

The Plaintiff filed his Complaint stating his claims on April 10, 2025. Docket No. 1; Docket No. 1-1. Defendant filed a Notice of Removal on May 13, 2025. Docket No. 1. Defendant then filed a Motion to Dismiss on May 20, 2025. Docket No. 6. To date Plaintiff has not responded to the Motion to Dismiss or filed a memorandum supporting his Complaint or made any other filing whatsoever.

The undersigned finds that dismissal under Rule 41(b) Fed. R. Civ. P. is appropriate because the four relevant factors, considered under the "relaxed" standard for dismissal without prejudice, indicate a record of delay and refusal to advance the case.

With respect to the first factor, Plaintiff has failed to take any action to advance this

4

litigation. Plaintiff did not provide any pleadings with factual allegations to support the claims in his initial state Complaint, and he failed to respond to the pending Motion to Dismiss (Docket No. 6). Nor has Plaintiff contacted the Court or taken any other steps to advance this case. These failures show willfulness or fault.

As to the second factor—prejudice to Defendant—Defendant has been a party to this litigation notwithstanding Plaintiff's failure to take action. A "Defendant cannot be expected to defend an action, that Plaintiff has apparently abandoned, not to mention the investment of time and resources expending to defend this case." *Miles v. Sheffield*, 2009 WL 3497794, at *2 (E. D. Mich. October 28, 2009) (citation modified). While Defendant has not been forced to invest significant time and resources to defend this case as yet, it is still a named party to a federal lawsuit. All parties have a right to a just and prompt resolution to their cases. The failure to advance litigation, as the Plaintiff has here, prejudices the parties and reflects the type of situation where the Court should intervene.

Regarding the third factor, while Plaintiff was not warned that failure to cooperate could lead to dismissal, the lack of a warning is not dispositive when considering whether dismissal under Rule 41(b) is appropriate. *See Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988) ("[I]n the absence of notice that dismissal is contemplated a district court should impose a penalty short of dismissal unless the derelict party has engaged in 'bad faith or contumacious conduct.'"). Notwithstanding the lack of prior notice, Plaintiff has done nothing to prosecute this case besides filing the initial Complaint in state court. Therefore, the Court must consider whether dismissal here is a drastic sanction. *See Mulbah*, 261 F.3d at 593 ("The question of adequate notice is also intertwined with the issue of alternative sanctions.").

Under the fourth factor, the appropriate remedy regarding a Plaintiff who has thus far

shown no interest in advancing their case is dismissal without prejudice. This is an equitable resolution that allows Plaintiff an opportunity to refile his case in the future when he has interest in prosecuting his claims. Until then, it would burden both the Defendant's and the Court's time and resources and be unfair to keep open a case that the Plaintiff is currently not participating in.

Because the four factors weigh in favor of dismissal, the undersigned recommends that this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

## IV. CONCLUSION

For the foregoing reasons, the undersigned recommends that this action be **DISMISSED WITHOUT PREJUDICE** in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. The undersigned also recommends that Defendant's Motion to Dismiss (Docket No. 6) be **DENIED AS MOOT**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

6